**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JOSE M. PORTO, | Civil No. 07-5359 (JBS) |
| Plaintiff, | |
| v. | **O P I N I O N** |
| CAMDEN COUNTY FREEHOLDERS, et al., | |
| Defendants. | |

**APPEARANCES:**

    Jose M. Porto, *Pro Se*
    Camden County Jail
    #196742
    P.O. Box 90431
    Camden, NJ 08102

**SIMANDLE, District Judge**

    Plaintiff, Jose M. Porto, currently confined at the Camden County Jail, Camden, New Jersey, seeks to bring this action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Based upon Plaintiff's affidavit of indigence and institutional account statement, the Court will grant his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it

seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that Plaintiff's complaint will be dismissed, without prejudice.

### BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. He states:

> I was stopped by a police officer and after he asked my identification and finished searching me, he told me that I had a warrant for my arrest, which I did not, because the Judge in Camden County dismissed in or around 2000, I told all laws [sic] officials, yet I still was arrested illegally.

Plaintiff seeks to sue the Camden County Freeholders and the Camden County Correctional Facility for monetary relief.

### DISCUSSION

**A.    Standard of Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b),

that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice.  See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to

3

28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

**B.   Section 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

4

**C.    Plaintiff's Complaint Will Be Dismissed, Without Prejudice.**

Plaintiff alleges facts indicating a false arrest and false imprisonment claim.

It is well established in the Third Circuit that an arrest without probable cause is a Fourth Amendment violation actionable under § 1983.  See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989)(citing cases); see also, Albright v. Oliver, 510 U.S. 266, 274 (1994)(a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures).  Under New Jersey law, false arrest has been defined as "the constraint of the person without legal justification."  Ramirez v. United States, 998 F. Supp. 425, 434 (D.N.J. 1998) (quoting Fleming v. United Postal Service, Inc., 604 A.2d 657, 680 (N.J. Law Div. 1992)).

To state a Fourth Amendment claim for false arrest, a plaintiff must allege two elements:  (1) that there was an arrest; and (2) that the arrest was made without probable cause. See Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988).  To establish the absence of probable cause, a plaintiff must show "that at the time when the defendant put the proceedings in motion the circumstances were such as not to warrant an ordinary prudent individual in believing that an offense had been committed."  Lind v. Schmid, 67 N.J. 255, 262 (1975).  "Probable cause . . . requires more than mere suspicion;

5

however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt." Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995). Rather, probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense." Gerstein v. Pugh, 420 U.S. 103, 111 (1975) (quoting Beck v. State of Ohio, 379 U.S. 89, 91 (1964)); Sharrar v. Felsing, 128 F.3d 810, 817 (3d Cir. 1997).

Moreover "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." Groman v. Manalapan, 47 F.3d 628, 636 (3d Cir. 1995); Palma v. Atlantic County, 53 F. Supp. 2d 743, 755 (D.N.J. 1999)(citing Groman). Indeed, the United States Supreme Court recently noted that, "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." Wallace v. Kato, 127 S. Ct. 1091, 1095 (2007).

The Supreme Court recently held that a cause of action for false arrest and the imprisonment incident to that arrest accrues as soon as the allegedly wrongful arrest occurs and that the limitations period begins to run when that false imprisonment comes to an end, that is, when the victim becomes held pursuant to legal process - "when, for example, he is bound over by a

magistrate or arraigned on charges." Wallace v. Kato, 127 S. Ct. 1091, 1095 (2007).

In this case, Plaintiff does not allege sufficient facts to indicate that his claim for false arrest should proceed past sua sponte screening.  First, he does not give the date of his arrest or the date he was "bound over by a magistrate or arraigned on charges."

Second, Plaintiff does not name proper defendants to this action.  Plaintiff seeks to sue the Camden County Freeholders as the "supervisor of custody."  However, it is settled law that supervisory prison personnel may be held liable under § 1983 only if their own actions caused the constitutional deprivation.  See Keenan v. City of Philadelphia, 983 F.2d 459, 466 (3d Cir. 1992). A supervisor may be held liable for the actions of subordinates only if the plaintiff can show that the supervisor:  (1) participated in violating the plaintiff's rights; (2) directed others to violate them; (3) as the person in charge, had knowledge of and acquiesced in his or her subordinates' violations; or (4) tolerated past or ongoing misbehavior.  See Baker v. Monroe Township, 50 F.3d 1186, 1190-91 (3d Cir. 1995); Friedland v. Fauver, 6 F. Supp.2d 292, 302-03 (D.N.J. 1998).

From the facts alleged in the complaint, Plaintiff's claims against defendant Camden County Board of Freeholders must be based on an impermissible theory of respondeat superior or

7

vicarious liability.  See Polk County v. Dodson, 454 U.S. 312, 324 (1981) (stating that a § 1983 claim cannot be based on respondeat superior liability); Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978) (holding that supervisory personnel are liable under § 1983 only if they have some personal role in causing the alleged harms or were responsible for some custom or practice which resulted in the violations).  Thus, the claims against this defendant must be dismissed, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Plaintiff should note that "a defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).  Thus, Plaintiff may move to reopen this case by naming the defendant(s) that were personally involved in the alleged wrongs against him, and/or by alleging facts indicating that the Freeholders should be held accountable under a supervisor liability theory.

Additionally, Plaintiff's claims against the Camden County Correctional Facility will be dismissed, without prejudice, as a jail is not a "person" for purposes of § 1983 liability. See Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (D.C. Pa. 1976); see also Marsden v. Federal BOP, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (county jail not an entity amenable to suit under 42 U.S.C. § 1983); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (Cook County Jail not a "person" under § 1983); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (local jail not a "person" under § 1983).

## CONCLUSION

Based on the foregoing, Plaintiff's complaint will be dismissed, without prejudice. See Alston, 363 F.3d at 234 n.7 (stating that with a complaint that makes "little sense," District Court could have dismissed complaint without prejudice, to permit Plaintiff to amend the complaint to make it plain). The Court notes that "generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995)(quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)). In this case, if Plaintiff can correct the deficiencies of his complaint by naming a proper

defendant(s), he may file a motion to reopen these claims in accordance with the attached Order.

                                        **s/ Jerome B. Simandle**
                                        JEROME B. SIMANDLE
                                        United States District Judge

Dated: **December 7, 2007**